**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 05-079S |
| | ) | |
| JOHN J. CONLEY | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO STRIKE**

The defendant has filed a Motion to Strike certain language from the indictment. The government objects.

The defendant seeks to strike ¶2 from the indictment. That paragraph alleges:

> 2. The object of the scheme and artifice to defraud was for defendant CONLEY fraudulently to obtain money belonging to clients through an advance fee scheme. An advance fee scheme occurs when the victim pays money to someone in reliance on false representations that they will receive something of greater value, such as a loan, contract, investment, or gift, and then receives little or nothing in return.

While Rule 7(d) of the Rules of Criminal Procedure allows the Court to strike surplusage, courts have been wary of doing so routinely, in order to avoid amending the indictment. See generally Wright & Miller, 1 Fed. Prac. & Proc. Crim.3d §127.[1]

---

[1] "If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer," may be frittered away until its value is almost destroyed."

"Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Mulder, 273 F.3d 91, 99 (2d Cir.2001) (quoting United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir.1990)); see also United States v. Dolney, 2005 WL 1076269, *3-4 (E.D.N.Y. 2005) (denying motion to strike the words "thinly capitalized" from indictment because they were relevant to the crime charged and "because they provide an explanation of the manner in which the conspiracy was able to function by obtaining common stock and stock warrants for little or consideration.") See also United States v. El-Silimy, 228 F.R.D. 52, 59 (D. Me. 2005) (citing United States v. Cisneros, 26 F.Supp.2d 24, 54-55 (D.D.C. 1998) for the proposition that "Rule 7(d) [is] to be strictly construed against striking surplusage.")

Here, as in those cases, the indictment's language can hardly be described as inflammatory. If one does a Westlaw search of the phrase, "advance fee scheme," one finds numerous examples of indictments which charged wire or mail fraud using that phrase. See, e.g., United States v. Ross, 210 F.3d 916, 922 (8th Cir. 2000) (indictment charges "advance fee scheme" in factual scenario virtually identical to this case); U.S. v. Mornan, 413 F.3d 372, 374 (3d Cir. 2005) (indictment charges "cross-border advance fee scheme").

Further, the language is, to state the obvious, highly relevant: the challenged language simply provides a shorthand description of the scheme to defraud. Compare United States v. Ruedlinger, 1997 WL 752440, *2 (D. Kan. 1997) (refusing to strike any reference to "Ponzi schemes"). The government fully expects that the description found in ¶2 will be fully borne out by the evidence.

In any event, the Motion is premature: the jury will not be shown or read the indictment until the close of the evidence, and the Court may, if it so wishes, delay deciding this Motion until that time in order to determine if the evidence has established the allegation found in ¶2.

Respectfully submitted,
UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly

TERRENCE P. DONNELLY
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on this 6th day of February, 2006, a copy of the within Government's Response to Defendant's Motion to Strike was mailed, postage prepaid, to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903.