UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-79 S

JOHN CONLEY :

MOTION IN LIMINE

NOW comes the defendant, John Conley, and moves to include the proposed Rule 404(b) evidence set out in the Government's Trial Memorandum, at pages 15-19. The defendant hereby incorporates by reference the attached Memorandum of Law.

John J. Conley,
By his attorney,

Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Terrence Donnelly, AUSA on the 6th day of February, 2006.

Ed

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-79 S

JOHN CONLEY :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE

The defendant, John Conley, has moved to include the proposed Rule 404(b) evidence set out in the Government's Trial Memorandum, at pages 15-19.

I. Argument

A. Rule 404(b) Evidence

Although the defendant certainly takes AUSA Donnelly at his word, that " the testimony of these witnesses is expected to be largely consistent with the testimony from the other victims ", ( Gov't Trial Memorandum, at p. 16 ) the defendant is left without much information by which determine if the schemes alleged by the 404(b) witnesses are sufficiently close enough to the schemes set out in the indictment so as to be admissible under Rule 404(b). The Court, as a result, finds itself in much the same position, left with a void of information.

For instance, bounced checks, in and of themselves, do not mean that a person has committed fraud. In addition, the fact that Conley did not pay all of his

legal bills does not mean that he acted with fraudulent intent with respect to the victims in this indictment. Evidence of "bad debts" is highly prejudicial and not probative of fraudulent intent. One can amass debts and be unable to pay them for a variety of reasons.

With respect to Fonecash, Mr. Donnelly is correct when he states that the Fonecash matter was "wrought with fraud", however, there is no evidence that Conley participated in any fraudulent activity in connection with Fonecash. To allow a jury to hear about Fonecash, when the defendant had no part in any fraudulent activity, would be highly inflammatory and prejudicial, while providing the jury with little in the way of evidence of any "scheme" or "pattern". In any event, the minuscule tidbit of information provided by the government is far from sufficient for the Court to determine the potential admissibility of that area of inquiry.

B. Attorney Subpoenaes

From the Government's Pre-Trial Memorandum, it is impossible to determine what evidence beyond billing records is sought to be elicited from these lawyers. While "raw" billing material may not be privileged, other aspects of Mr. Conley's relationship may be protected by the attorney-client privilege. For instance, conversations about Mr. Conley's business and its goals are privileged. The government has not yet made a sufficient showing that any exception to the

attorney-client privilege exists. See In Re: Grand Jury Proceedings, 417 F.3d 18 ( 1st Cir. 2005). As reiterated by the First Circuit in this most recent attorney-client privilege decision, the government must show that:

1. that the client was engaged in (or was planing) criminal or fraudulent activity when the attorney-client communications took place; and

2. that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity.

417 F. 3d, at 22 (citing In re Grand Jury Proceedings (Violette), 183 F.3d, at 75 (1st Cir. 1999) ).

In this case, the government has not met this substantial burden. The Court should sustain the defendant's objection to this area of inquiry.

In addition, the government has issued subpoenaes for law firms who are headquartered in states other than Rhode Island. Since the defendant engaged these firms at their headquarters offices, he may enjoy certain protections under the applicable law of each separate jurisdiction.

John J. Conley,
By his attorney,

Edward C. Roy, Esquire
Ass't. Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

## CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Terrence Donnelly, AUSA on the 6th day of February, 2006.

______________________________