UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-79 S

JOHN CONLEY :

MOTION TO QUASH SUBPOENAES

NOW comes the defendant, John Conley, and moves to quash subpoenaes issued by the Government for seven law firms that were used by the defendant. The Government has issued subpoenaes for the following firms:

1. Locke, Lidell & Sapp, L.L.P.
2. Wyatt, Tarrant & Combs, L.L.P.
3. Stone Pigman Walther Wittman, L.L.C.
4. Seyfarth Shaw
5. Jones, Walker, Waechter, Poitevant Carrere & Denegre, L.L.P.
6. Davis, Malme & D'Agostine, P.C.
7. Oppenheimer, Wolff & Donnelly, LLP

( Copies of the subpoenaes and attachments are attached to the enclosed Memorandum of Law in Support of Motion to Quash)

In further support of this Motion, the defendant hereby incorporates by reference the attached Memorandum of Law.

John J. Conley,
By his attorney,

Edward C. Roy, Esquire
Ass't. Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Terrence Donnelly, AUSA, and sent notice by regular mail to the following seven law firms, by facsimile transmission and at their usual office addresses:

1. Locke, Lidell & Sapp, L.L.P.

2. Wyatt, Tarrant & Combs, L.L.P.

3. Stone Pigman Walther Wittman, L.L.C.

4. Seyfarth Shaw

5. Jones, Walker, Waechter, Poitevant
Carrere & Denegre, L.L.P.

6. Davis, Malme & D'Agostine, P.C.

7. Oppenheimer, Wolff & Donnelly, LLP,

on the 8th day of February, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 05-79 S |
| JOHN CONLEY | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENAES

The defendant seeks to quash subpoenaes issued by the Government for seven law firms that were used by the defendant. The Government has issued subpoenaes for the following firms:

1. Locke, Lidell & Sapp, L.L.P.
2. Wyatt, Tarrant & Combs, L.L.P.
3. Stone Pigman Walther Wittman, L.L.C.
4. Seyfarth Shaw
5. Jones, Walker, Waechter, Poitevant Carrere & Denegre, L.L.P.
6. Davis, Malme & D'Agostine, P.C.
7. Oppenheimer, Wolff & Donnelly, LLP

( Copies of the subpoenaes and attachments are attached here and made a part hereof )

Each subpoena has the same attachment, which requests that the law firm produce all records relating to this defendant and various entities with whom he was associated. Undoubtedly, the scope of this request encompasses attorney-client, privileged communications.

While "raw" billing material may not be privileged, other aspects of Mr. Conley's relationship are protected by the attorney-client privilege. For instance, conversations about Mr. Conley's business and its goals are privileged. The government has not yet made a sufficient showing that any exception to the attorney-client privilege exists. See In Re: Grand Jury Proceedings, 417 F.3d 18 ( 1st Cir. 2005). As reiterated by the First Circuit in this most recent attorney-client privilege decision, the government must show that:

1. that the client was engaged in (or was planing) criminal or fraudulent activity when the attorney-client communications took place; and

2. that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity.

417 F. 3d, at 22 (citing In re Grand Jury Proceedings (Violette), 183 F.3d, at 75 (1st Cir. 1999) ).

In this case, the lack of any facts concerning the nature of the privileged conversations at issue places the Court, the defendant, and the Government in a difficult position. The Government cannot point to a particular conversation that

it claims constitutes an exception to the privilege. The Government is speculating that, because the defendant was indicted for wire fraud in connection with business transactions wherein he was represented by counsel, the crime-fraud exception must apply. This logic must fail, absent some higher quantum of proof: evidence that the defendant consulted with the attorneys to facilitate or conceal the wire fraud. The absence of facts here is in stark contrast to the more fully-developed facts set forth in In Re Grand Jury Proceedings, *supra*.

The need for a more complete fact record is demonstrated by the Third Circuit's recent decision in United States v. Doe, 429 F. 3d 450 (3rd Cir. 2005). In Doe, the Government's investigation revealed that a grand jury target had consulted an attorney to discuss how to avoid detection of ongoing criminal conduct. 429 F. 3d, at 452. As the Third Circuit observed:

> " Only when a client knowingly seeks legal counsel to further an continuing or future crime does the crime-fraud exception apply. "
>
> 429 F.3d, at 454.

At this late juncture, the only means for a cogent analysis of whether or not the defendant's utilization of the seven law firms comes within the scope of the crime-fraud exception would be for the Court to conduct an *in camera* examination of the records in possession of the defendant's former attorneys, a not-insubstantial task.

In this case, the government has not met this substantial burden. While the return of an indictment may support that the first step of the analysis, the government has given little in terms of support for the second tier that the Court must review. The Court should sustain the defendant's objection to this area of inquiry and quash the subpoenaes issued to date.

John J. Conley,
By his attorney,

Edward C. Roy, Esquire
Ass't. Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Terrence Donnelly, AUSA, and sent notice by regular mail to the following seven law firms, by facsimile transmission and at their usual office addresses:

1. Locke, Lidell & Sapp, L.L.P.

2. Wyatt, Tarrant & Combs, L.L.P.

3. Stone Pigman Walther Wittman, L.L.C.

4. Seyfarth Shaw

5. Jones, Walker, Waechter, Poitevant Carrere & Denegre, L.L.P.

6. Davis, Malme & D'Agostine, P.C.

7. Oppenheimer, Wolff & Donnelly, LLP,

on the 8th day of February, 2006.