3 of 100 DOCUMENTS

**UNITED STATES OF AMERICA, Appellant v. JOHN DOE, Appellee**

**No. 04-4136**

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

**429 F.3d 450; 2005 U.S. App. LEXIS 25256**

**October 25, 2005, Argued**
**November 23, 2005, Filed**

**PRIOR HISTORY:** [**1] Appeal from the United States District Court For the District of New Jersey. D.C. No.: 04-mc-00106. District Judge: Honorable John W. Bissell, Chief Judge.

**COUNSEL:** Nicholas A. Marsh (Argued), Peter R. Zeidenberg, United States Department of Justice Criminal Division, Washington, D.C., Counsel for Appellant.

Jeffrey D. Smith (Argued), DeCotiis, Fitzpatrick, Cole & Wisler, Teaneck, NJ, Counsel for Appellee.

**JUDGES:** Before: SLOVITER, FISHER, and ROSENN, Circuit Judges.

**OPINIONBY:** ROSENN

**OPINION:**

[*452] OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal raises several serious questions concerning the time-respected role of privileged communication between client and attorney and the crime-fraud exception. For almost four years now, the Government has had an active grand jury investigating certain activities of a federal law enforcement officer (hereinafter referred to as "Target"). The Government submitted details of the investigation to the District Court under seal through an *ex parte* affidavit of Peter R. Zeidenberg, a trial attorney of the Criminal Division of the Public Integrity Section of the United States Department of Justice. The Government sought the grand jury testimony of an [**2] attorney (hereinafter referred to as "Attorney") from whom Target sought legal advice in connection with an allegedly fraudulent, and likely criminal, course of conduct. Specifically, the Government claims to have discovered evidence that Target proposed to engage in future criminal conduct, and that Target's purpose in consulting Attorney was to ascertain how best to conceal the illegal activity in which he planned to engage.

Attorney refused to respond to a grand jury subpoena, invoking the attorney-client privilege and moving to quash the subpoena. The District Court for the District of New Jersey conducted a sealed hearing on the motion to quash. The Government argued that the crime-fraud exception to the privilege applied to Target's conversations with the lawyer because they were in furtherance of Target's planned criminal activity. The Government also opposed the motion to quash because certain conversations between the attorney and Target involved the participation and presence of a third party (hereinafter referred to as "Witness") that dispelled the privilege.

The District Court issued an oral ruling granting the motion to quash, concluding that the crime-fraud exception [**3] did not apply and that the presence of Witness did not dispel the privilege. The Government timely appealed. For reasons set forth below, we reverse and direct the denial of the motion to quash.

I.

On appeal, the Government raises two issues of law: (1) that the District Court erred in applying a "cumulative evidence" standard to the motion to quash because the testimony sought was unnecessary for the grand jury in light of the testimony that it had already heard, and (2) the Court erred in interpreting the crime-fraud exception to require an attorney's knowing furtherance of the client's crime before the privilege can be pierced. We exercise de novo review over the issues of law underlying the application of the attorney-client privilege. In re Impounded, 241 F.3d 308, 312 (3d Cir. 2001). As to other issues, our standard of review of the application of that law is for abuse of discretion. Id.

II.

The attorney-client privilege is a well-established historic rule which protects confidential communications between client and attorney. The privilege belongs to the client, not the attorney. The Supreme Court has long emphasized that the central concern of the privilege [**4] is to "encourage full and frank communication between attorneys and their clients and [*453] thereby promote broader public interests in the observance of law and administration of justice." United States v. Zolin, 491 U.S. 554, 562, 109 S. Ct. 2619, 105 L. Ed. 2d 469 (1989) (quoting Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)). The attorney-client privilege under federal law is the "oldest of the privileges for confidential communications known to the common law." Id.; State of Maine v. U.S. Dept. of the Interior, 298 F.3d 60, 70 (1st Cir. 2001). The privilege is not lost if a client proposes a course of conduct which he is advised by counsel is illegal, but is extinguished when a client seeks legal advice to further a continuing or future crime. Zolin, 491 U.S. at 563. Because this ancient and valuable privilege is at the expense of the full discovery of the truth, it should be strictly construed. In re Grand Jury Proceedings, 219 F.3d 175, 182 (2nd Cir. 2000).

The common interest privilege allows for two clients to discuss their affairs with a lawyer, protected by the attorney-client privilege, [**5] so long as they have an "identical (or nearly identical) legal interest as opposed to a merely similar interest." F.D.I.C. v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000). The District Court found that Target and Witness shared a common interest, and therefore, the presence of Witness did not vitiate the attorney-client privilege. The Government has not challenged this finding of common interest on appeal and so we do not reach this issue

III.

**A.**

The Government contends that the District Court erred by focusing on whether Attorney's testimony would be necessary and cumulative. Although the Government must make a preliminary showing of relevance, necessity and significance are not part of the showing. In re Grand Jury Proceedings, 507 F.2d 963, 966 (3rd Cir. 1975); In re Grand Jury Matter, 906 F.2d 78, 88 (3d Cir. 1990) ("'Requiring the government to show both that the information it hopes to obtain . . . is significant and that that information is unavailable from other sources would obviously impair the efficiency of grand juries.' . . . The grand jury cannot be constrained to acquire only the minimum evidence necessary [**6] to secure an indictment and is free to pursue cumulative leads.") (quoting In re Grand Jury Proceedings, 862 F.2d 430, 431-32 (2d Cir. 1988)). The purpose of the grand jury is not to determine guilt or innocence of any person but to investigate and determine whether or not there is probable cause to prosecute a particular defendant. United States v. R. Enters., Inc., 498 U.S. 292, 297-98, 111 S. Ct. 722, 112 L. Ed. 2d 795 (1991). It is the best judge of what evidence it deems necessary in the pursuit of its investigation. "How much information is 'enough' is a matter for the judgment of the grand jurors and the prosecution rather than the court." In re Grand Jury Matter, 906 F.2d at 88.

In stating its oral decision in this case, the District Court confined its statements to the conduct of the attorney and made no comments on whether the testimony of the attorney was cumulative or necessary. These comments did not enter into the rationale of its decision, but came only after it had stated its decision and reasoning. It then simply noted that it might have exercised its discretion to "strain a little further, so to speak, to find an exception" to the [**7] attorney-client privilege had the testimony been "truly critical." The Court's comments did not constitute an abuse of discretion. We reject this contention of the Government as having no merit.

[*454] **B.**

We now turn to the Government's principal argument, the crime-fraud exception to the attorney client

privilege rule. As the Supreme Court noted in Zolin, the attorney-client privilege is not without limitations. A principal and reasonable exception is that the privilege may not be used for the purpose of obtaining advice to promote crime or fraud. Although broad, the privilege does not allow a client to shield evidence of an intent to use an attorney's advice to further a criminal purpose.

The crime-fraud exception to the attorney-client privilege applies to any communications between an attorney and client that are intended "to further a continuing or future crime or tort." In re Impounded, 241 F.3d 308, 316 (3d Cir. 2001). In this analysis, "the client's intention controls and the privilege may be denied even if the lawyer is altogether innocent." In re Grand Jury Proceedings, 604 F.2d 798, 802 (3d Cir. 1979). The privilege is not lost if [**8] the client innocently proposes an illegal course of conduct to explore with his counsel what he may or may not do. Only when a client knowingly seeks legal counsel to further a continuing or future crime does the crime-fraud exception apply.

Although the District Court made no formal findings of fact as to the defendant's intent in consulting with his lawyer, the record is sufficient to support a finding that the Government met its burden of establishing a prima facie case to have the subpoena honored. A prima facie showing "requires evidence which, if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met." In re Grand Jury Subpoena, 223 F.3d 213, 217 (3d Cir. 2000) (quoting Haines v. Liggett Group Inc., 975 F.2d 81, 95-96 (1992)). Specifically, the Government must show that "the client was committing or intending to commit a fraud or crime" and that the consultation was "in furtherance of that alleged crime or fraud." Id.

The District Court made no findings of fact as to the intent of either Target or Witness and applied the wrong standard for the crime-fraud exception. [**9] A hypothetical introduced by the Court to discuss the case, which it stated was close to the actual facts, appears to assume that the client did not have an awareness of the illegality. The Court also stated this was not a situation "where advice was sought for and presumably utilized for [an illegal] purpose." An examination of the entire oral opinion, however, leads us to conclude that the Court improperly relied on whether the consultation assisted or furthered the crime. The Court should have focused on the intent of Target and Witness in their joint consultations with the attorney.

The record is reasonably clear as to the criminal intent of Target. It shows that Target was an experienced federal law enforcement officer, having served in that capacity for seven years. Witness' business was at the center of an investigation in which Target was responsible for coordinating Witness' activities as an informant. Target consulted Attorney in 1999, asking how he could invest in Witness' business. Witness later informed the Government that Target "sought [Attorney's] advice on how such an investment could be made - and, in particular, whether [Target] could do the investment in [**10] [his] wife's name rather than in [Target's] name so that he could not be directly tied to the investment."

The investment would have been a criminal violation of 18 U.S.C. § 208 & 209 which bar any officer or employee of an [*455] independent agency of the United States, unless exempted or granted a special exception of the Government, from having a financial interest in any business or any arrangement concerning prospective employment, or from receiving salary or compensation from nongovernmental sources. We think it implausible that an experienced government agent like Target would not know that the proposed investment was a crime. In March 2000, Target made the investment in the business of Witness and received $ 1000-2000 per week for the duration of the investment. We conclude that the Government has made a prima facie case that the crime-fraud exception applies.

Although Target and Witness were involved in other illegal activities after the consultations, the Government does not contend that those activities were contemplated at the time of the meeting, nor that Target or Witness attempted to further those activities by the consultations in 1999.

III. [**11]

For the forgoing reasons, we reverse the order of the District Court and remand the proceedings to the District Court with instructions to deny the motion to quash the subpoena by the Government.

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | | SUBPOENA FOR | |
|---|---|---|---|
| ☐ CIVIL | ☒ CRIMINAL | ☒ PERSON | ☐ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Locke, Liddell & Sapp, LLP
601 Poydras Street, Suite 2400
New Orleans, LA 70130

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | 2<br>DATE AND TIME<br>February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

SEE ATTACHMENT

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| Paulette J. Duke (signature)<br>(BY) DEPUTY CLERK<br>**Chief Deputy Clerk** | February 3, 2006 |

This subpoena is issued upon application of the:

☐ Plaintiff ☐ Defendant ☒ U.S. Attorney
ROBERT CLARK CORRENTE

QUESTIONS MAY BE ADDRESSED TO:

TERRENCE P. DONNELLY, AUSA
United States Attorney's Office
50 Kennedy Plaza, 8th Fl. Fleet Center
Providence, RI 02903 (401) 709-5000
ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Locke, Liddell & Sapp, LLP**
**601 Poydras Street, Sutie 2400**
**New Orleans, LA 70130**

For the period January 1, 1998 to the present:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

JOHN J. CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for CONLEY or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigations of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 05-079S
)
JOHN J. CONLEY )

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Locke Liddell & Sapp, L.L.P. to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Locke Liddell & Sapp, L.L.P. is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

DEPUTY CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to True Copy
DAVID A. DIMARZIO
By Deputy Clerk

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | | SUBPOENA FOR | |
|---|---|---|---|
| ☐ CIVIL | ☒ CRIMINAL | ☒ PERSON | ☐ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Wyatt, Tarrant & Combs, LLP
2525 West End Avenue
Suite 1500
Nashville, TN 37203

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | 2<br>DATE AND TIME<br>February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attachment

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| Paulette J Dube<br>(BY) DEPUTY CLERK<br>**Chief Deputy Clerk** | February 3, 2006 |

| This subpoena is issued upon application of the: | QUESTIONS MAY BE ADDRESSED TO: |
|---|---|
| ☐ Plaintiff ☐ Defendant ☒ U.S. Attorney<br>ROBERT CLARK CORRENTE | TERRENCE P. DONNELLY, AUSA<br>United States Attorney's Office<br>50 Kennedy Plaza, 8th Fl. Fleet Center<br>Providence, RI 02903 (401) 709-5000<br>ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER |

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Wyatt, Tarrant & Combs, LLP**
**2525 West End Avenue**
**Suite 1500**
**Nashville, TN 37203**

For the period January 1, 1998 to the present:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

JOHN J. CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for CONLEY or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigations of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 05-079S |
| | ) | |
| JOHN J. CONLEY | ) | |

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Wyatt, Tarrant & Combs, L.L.P. to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Wyatt, Tarrant & Combs, L.L.P. is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

DEPUTY CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to
True Copy
DAVID A. DIMARZIO
By Deputy Clerk

AO 89 (Rev. 5/85) Subpoena

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | | SUBPOENA FOR | |
|---|---|---|---|
| ☐ CIVIL | ☒ CRIMINAL | ☒ PERSON | ☐ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Stone Pigman Walther Wittman, L.L.C.
546 Carondelet Street
New Orleans, LA 70130

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | 2 |
| | DATE AND TIME<br>February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s): *

See Attachment

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| (BY) DEPUTY CLERK<br>Paulette J. Dube<br>**Chief Deputy Clerk** | February 3, 2006 |

| This subpoena is issued upon application of the: | QUESTIONS MAY BE ADDRESSED TO: |
|---|---|
| ☐ Plaintiff ☐ Defendant ☒ U.S. Attorney<br>ROBERT CLARK CORRENTE | TERRENCE P. DONNELLY, AUSA<br>United States Attorney's Office<br>50 Kennedy Plaza, 8th Fl. Fleet Center<br>Providence, RI 02903 (401) 709-5000<br>ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER |

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Stone Pigman Walther Wittman, L.L.C.**
**546 Carondelet Street**
**New Orleans, LA 70130**

For the period January 1, 1998 to the present:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

JOHN J. CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for CONLEY or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigations of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 05-079S
)
JOHN J. CONLEY )

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Stone Pigman Walther Wittmann L.L.C. to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Stone Pigman Walther Wittmann L.L.C. is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

DEPUTY CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to True Copy
DAVID A. DIMARZIO
By Deputy Clerk

AO 89 (Rev. 5/85) Subpoena

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | SUBPOENA FOR |
|---|---|
| ☐ CIVIL ☒ CRIMINAL | ☒ PERSON ☐ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Seyfarth Shaw
55 East Monroe Street
Suite 4200
Chicago, IL 60603-5803

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | 2<br>DATE AND TIME<br>February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attachment

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| [signature]<br>(BY) DEPUTY CLERK<br>Chief Deputy Clerk | February 3, 2006 |

| This subpoena is issued upon application of the: | QUESTIONS MAY BE ADDRESSED TO: |
|---|---|
| ☐ Plaintiff ☐ Defendant ☒ U.S. Attorney<br>ROBERT CLARK CORRENTE | TERRENCE P. DONNELLY, AUSA<br>United States Attorney's Office<br>50 Kennedy Plaza, 8th Fl. Fleet Center<br>Providence, RI 02903 (401) 709-5000<br>ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER |

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Seyfarth Shaw, LLP**
**55 East Monroe Street, Suite 4200**
**Chicago, IL 60603-5803**

For the period January 1, 1997 to the present:

Any and all records, in whatever form, relating to fees charged by your firm, or any attorney associated with your firm, to the following person and entities:

JOHN CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Records should include, but not be limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 05-079S
)
JOHN J. CONLEY )

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Seyfarth Shaw LLP (as successor to D'Ancona & Pflaum) to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Seyfarth Shaw LLP is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

DEPUTY CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to
True Copy
DAVID A. DIMARZIO
By
Deputy Clerk

AO 89 (Rev. 5/85) Subpoena

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | SUBPOENA FOR |
|---|---|
| ☐ CIVIL ☒ CRIMINAL | ☒ PERSON ☐ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Jones, Walker, Waechter, Poitevant
Carrere & Denegre L.L.P.
201 St. Charles Avenue
New Orleans, LA 70170

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM / DATE AND TIME |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | COURTROOM: 2<br>DATE AND TIME: February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attachment

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| Paulette J. Duke (signature)<br>(BY) DEPUTY CLERK<br>Chief Deputy Clerk | February 3, 2006 |

| This subpoena is issued upon application of the: | QUESTIONS MAY BE ADDRESSED TO: |
|---|---|
| ☐ Plaintiff ☐ Defendant ☒ U.S. Attorney<br>ROBERT CLARK CORRENTE | TERRENCE P. DONNELLY, AUSA<br>United States Attorney's Office<br>50 Kennedy Plaza, 8th Fl. Fleet Center<br>Providence, RI 02903 (401) 709-5000<br>ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER |

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Jones, Walker, Waechter, Poitevant**
**Carrere & Denegre, L.L.P.**
**201 St. Charles Aveneu**
**New Orleans, LA 70170**

For the period January 1, 1998 to the present:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

JOHN J. CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for CONLEY or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigations of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 05-079S
)
JOHN J. CONLEY )

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P. to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P. is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

DEPUTY CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to
True Copy
DAVID A. DIMARZIO
By Deputy Clerk

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | | SUBPOENA FOR | |
|---|---|---|---|
| ☐ CIVIL | ☒ CRIMINAL | ☒ PERSON | ☐ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | 2<br><br>DATE AND TIME<br>February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attachment

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| Paulette J. Dube<br>(BY) DEPUTY CLERK<br>Chief Deputy Clerk | February 3, 2006 |

| This subpoena is issued upon application of the: | QUESTIONS MAY BE ADDRESSED TO: |
|---|---|
| ☐ Plaintiff ☐ Defendant ☒ U.S. Attorney<br>ROBERT CLARK CORRENTE | TERRENCE P. DONNELLY, AUSA<br>United States Attorney's Office<br>50 Kennedy Plaza, 8th Fl. Fleet Center<br>Providence, RI 02903 (401) 709-5000<br>ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER |

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Davis, Malm & D'Agostine, P.C.**
**One Boston Place**
**Boston, MA 02108**

For the period January 1, 1998 to the present:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

JOHN J. CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for CONLEY or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigations of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 05-079S |
| | ) | |
| JOHN J. CONLEY | ) | |

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Davis, Malm & D'Agostine PC to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Davis, Malm & D'Agostine PC is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

DEPUTY CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to
True Copy
DAVID A. DIMARZIO
By
Deputy Clerk

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

JOHN CONLEY

## SUBPOENA

CASE NUMBER: 05-079-S

| TYPE OF CASE | | SUBPOENA FOR | |
|---|---|---|---|
| ☐ CIVIL | ☒ CRIMINAL | ☒ PERSON | ■ DOCUMENT(S) or OBJECT(S) |

TO:

Custodian of Records
Oppenheimer, Wolff & Donnelly LLP
Plaza VII, Suite 3300, 45 South Seventh Street
Minneapolis, MN 55402

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM / DATE AND TIME |
|---|---|
| United States District Court<br>Federal Building - United States Courthouse<br>One Exchange Terrace<br>Providence, Rhode Island | COURTROOM: 2<br>DATE AND TIME: February 13, 2006 at 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attachment

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT | DATE |
|---|---|
| Paulette J. Burke (signature)<br>(BY) DEPUTY CLERK<br>Chief Deputy Clerk | February 3, 2006 |

| This subpoena is issued upon application of the: | QUESTIONS MAY BE ADDRESSED TO: |
|---|---|
| ☐ Plaintiff ☐ Defendant ☒ U.S. Attorney<br>ROBERT CLARK CORRENTE | TERRENCE P. DONNELLY, AUSA<br>United States Attorney's Office<br>50 Kennedy Plaza, 8th Fl. Fleet Center<br>Providence, RI 02903 (401) 709-5000<br>ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER |

*If not applicable, enter "none".

**SUBPOENA ATTACHMENT**

**Custodian of Records**
**Oppenheimer, Wolff & Donnelly, LLP**
**Plaza, VII, Suite 3300**
**45 South Seventh Street**
**Minneapolis, MN 55402**

For the period January 1, 1998 to the present:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

JOHN J. CONLEY
JOHN CONLEY INVESTMENTS LLC
JOHN J CONLEY INVESTMENTS LLC
RIVER CITY INVESTMENTS LLC
JOHN CONLEY INCORPORATED
RIVER CITY INVESTORS LLC
RIVER CITY AFFILIATES, LLC
JOHN CONLEY LTD
RIVER CITY CAPITAL LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for CONLEY or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigations of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 05-079S
)
JOHN J. CONLEY )

**ORDER GRANTING PERMISSION**
**FOR ISSUANCE OF A SUBPOENA**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Responsibility and LR Gen 208(a), the government's motion to issue a subpoena to Oppenheimer, Wolff & Donnelly LLP to testify before this Court and a subpoena duces tecum directing it to bring certain records to the Court is hereby granted on the following conditions:

1. The records shall be returned no later than one week from the date below.

2. Oppenheimer, Wolff & Donnelly LLP is not precluded from moving to quash the subpoena to the extent that it encompasses any documents or testimony protected by the attorney/client privilege or for any other reason that may constitute grounds for quashing a subpoena.

3. A copy of this order shall be served with the subpoena.

BY ORDER:

~~DEPUTY~~ CLERK

ENTER:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: 2/2/06

Attest to
True Copy
DAVID A. DIMARZIO
By
Deputy Clerk