UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-79 S

JOHN CONLEY :

## MOTION IN LIMINE

NOW comes the defendant, John Conley, and moves to exclude the video-tape of a CNN Financial program relating to Velocity Trade, one of the alleged victims in this case. The defendant relies upon the attached Memorandum of Law in Support of Motion In Limine.

John J. Conley,
By his attorney,

Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Terrence Donnelly, AUSA on the 9th day of February, 2006.

Ed
______________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-79 S

JOHN CONLEY :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE

The defendant, John Conley, has moved to exclude the video-tape of a CNN Financial program relating to Velocity Trade, one of the alleged victims in this case.

A. Content Of Video-Tape

Defense counsel first viewed the video-tape on February 7, 2006. In the tape a CNN correspondent converses with Mark Yates of Velocity Trade and another man who works for Velocity. At the end of the video, the video-tape shows the defendant speaking with another man while the correspondent states words to the effect that "investment bankers promised 2.5 million dollars in new capital."

B. Argument

The government seeks to attribute that statement to the defendant, however, the defendant does not make that statement. If one assumes that Conley, outside

of the camera's eyes and ears, made such a statement to Yates, who, in turn, repeated that statement to the statement to the correspondent, the statement is then inadmissible hearsay under Crawford v. Washington, 541 U.S. 36, 68 (2004) in that the defendant cannot cross-examine the statement that is, impliedly at best, attributed to him.

Since the tape does not indicate that Conley made the statement to the correspondent directly, one is left to speculate as to how that information was transmitted to the correspondent, thereby depriving the defendant of any ability to cross examine on that statement. Clearly, the statement is testimonial in nature, as the Government's theory of the case is that the defendant misrepresented his ability to obtain financing. As the statement is then testimonial in nature, the protections of Crawford are triggered. Id., at 540 U.S. , 69 n. 9.

Therefore, the defendant moves that this Honorable Court exclude from evidence the video-tape from CNN Financial referred to herein.

John J. Conley,
By his attorney,

Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Terrence Donnelly, AUSA on the 9th day of February, 2006.

______________________