**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| United States of America, Plaintiff, | ) | |
| vs. | ) | CR No. 05-79 S |
| John Conley, Defendant. | ) | |

**MOTION TO QUASH SUBPOENA ON MARC JOSEPH**

Marc Joseph, by and through his attorneys, Levenfeld Pearlstein, LLC, hereby moves this Court to quash the subpoena issued on him ("Joseph Subpoena") by the Government requiring his appearance in Rhode Island at the trial of this matter. In support thereof, Mr. Joseph states as follows:

1. On February 6, 2006, Mr. Joseph, an attorney residing in Illinois, was faxed a trial subpoena by the FBI to appear on February 28, 2006 at the trial of this matter. The Order Granting Permission for issuance of the subpoena, enclosed herewith, states only that the Joseph Subpoena is being issued "relating to matters he [Joseph] learned while employed by Seyfarth Shaw, LLP and/or D'Ancona and Pflaum". *See, Joseph Subpoena and Order,* attached as Exhibit 1.

2. The Order accompanying the Joseph Subpoena further states that Mr. Joseph is not precluded from moving to quash the Subpoena to the extent it encompasses any testimony protected by the attorney-client privilege or for any other reason.

3. The following is not in dispute:

   a. Mr. Joseph never worked at the law firm of Seyfarth Shaw, LLP.

   b. Mr. Joseph left the firm of D'Ancona and Pflaum in January, 2002.

   c. The Government has acknowledged that Mr. Joseph is neither a target nor a person with knowledge of any acts of wrongdoing.

d. The Government does not seek to have Mr. Joseph testify as to any conversations he had with the Defendant that will assist the Government in establishing liability.

e. Mr. Joseph is not in possession of any documents related to the Defendant (or any Defendant entities, those documents having either been previously produced by other parties or currently in the possession of other parties).

f. At no point in time did the Government even seek to preserve Mr. Joseph's testimony by deposition or in any other manner.

4. There is nothing, therefore, that Mr. Joseph can add to this proceeding that cannot be obtained from the other lawyers or law firms subpoenaed.

5. The foregoing is borne out, in part, by the very general language in the Joseph Subpoena itself: "*relating to matters he learned while employed by ...D'Ancona and Pflaum...*". The Government should be required to make an offer of proof as to specifically why Mr. Joseph should be required to fly to Rhode Island to give testimony that is not material.

6. The Order allowed for the quashing of a subpoena to the extent it seeks attorney-client communications. While there may exist a fraud exception to the privilege, the Government must establish that the communications were intended to facilitate or conceal the criminal or fraudulent activity. The Government must establish that it is calling Mr. Joseph to testify about communications related to fraudulent activity so as to void the privilege.

7. Based upon conversations with the U.S. Attorney, the Government does not intend to seek testimony from Mr. Joseph with respect to communications he had with the Defendant.

8. Respectfully, Mr. Joseph also requests that the subpoena be quashed for the reason that he is currently assisting his family in caring for his father, who is 90 years old and ill, and whose family has been discussing the possibility of open-heart surgery in the next few weeks.

9. Mr. Joseph further asks to join in the motions to quash filed by defense counsel Mr. Roy.

Based on the foregoing, it is respectfully requested that the subpoena issued on Mr. Joseph be quashed and that he not be required to appear in Rhode Island to testify on February 28, 2006.

Dated: February 9, 2006

Marc S. Joseph, an individual

One of His Attorneys

Gary I. Blackman, Esq.
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle, Suite 1300
Chicago, Illinois 60602
(312) 476-7574
Firm I.D. No. 27740