UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-079-S |
| JOHN J. CONLEY | |

**MOTION TO QUASH SUBPOENAS**

The law firm of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. ("Jones Walker") moves this Court, pursuant to Federal Rule of Criminal Procedure 17(c)(2), to quash the subpoenas to testify before this Court and the subpoena *duces tecum* directing it to produce certain records to the extent the subpoenas encompass documents or testimony protected by the attorney client privilege. As discussed in the accompanying memorandum, John J. Conley's attorney has advised Jones Walker that Mr. Conley does not waive the attorney client privilege.

WHEREFORE, Jones Walker prays that this Court quash the subpoenas to the extent that they encompass documents or testimony protected by the attorney client privilege.

Respectfully submitted,

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
(401) 274-6644
Fax: 331-9304

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon:

Terrence P. Donnelly
Assistant United States Attorney
District of Rhode Island
United States Attorney's Office
50 Kennedy Plaza
8th Floor - Fleet Center
Providence, Rhode Island 02903

Edward C. Roy, Esq.
Assistant Federal Public Defender
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903

by placing a copy of same in the United States mail, postage prepaid and properly addressed or by facsimile transmission, on this 10th day of February, 2006.

Charlene Perry

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-079-S |
| JOHN J. CONLEY | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

**MAY IT PLEASE THE COURT:**

The law firm of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. ("Jones Walker") submits this memorandum in support of its motion to quash the subpoenas to testify before this Court and the subpoena *duces tecum* directing it to produce certain records to the extent the subpoenas encompass documents or testimony protected by the attorney client privilege.

**I. THE SUBPOENAS**

On or about February 3, 2006 the United States Attorney served a subpoena on Jones Walker's custodian of records in New Orleans, Louisiana, for testimony and the production of documents before this Court on February 13, 2006. On February 8, 2006, three additional subpoenas were served on Jones, Walker for testimony. A copy of each subpoena is attached hereto as Exhibits 1, 2, 3 and 4.

The records requested in the subpoena are for the period January 1, 1998 to the present and are as follows:

Any and all records, in whatever form, legal services provided by your firm to the following person and entities:

John J. Conley
John Conley Investments LLC
John J. Conley Investments LLC
River City Investments LLC
John Conley Incorporated
River City Investors LLC
River City Affiliates, LLC
John Conley LTD
River City Capital LLC

Such records include, but are not limited to, the following:

1. records relating to fees charged by your firm, or any attorney associated with your firm, including, but not limited to, invoices, correspondence related to billing, hourly time sheets, billing sheets identifying matter worked on, and any documents related to disputes and/or litigation related to payment/nonpayment of legal fees;

2. list of all matters worked on for Conley or the above entities, and any and all records relating to persons and/or businesses for which CONLEY and/or the above entities were attempting to secure financing, including letters of intent, loan agreements, corporate documents, correspondence, fax communications, emails, and documents related to due diligence investigation of the businesses; and

3. any and all records, which relate to sources of funding CONLEY or the above listed entities would draw upon to provide the financing the companies were seeking.

Essentially, the government seeks all of Jones Walker's files relating to Conley. Jones Walker's files, however, contain documents protected by the attorney client privilege. Accordingly, on February 7, 2006, counsel for Jones Walker, Pauline F. Hardin, contacted Conley's attorney, Edward Roy, to determine whether Mr. Conley waived his attorney client privilege. Mrs. Hardin was expressly advised that Mr. Conley does not

waive the attorney client privilege and that he would assert it in a Motion to Quash before this Court. Given Mr. Conley's assertion of the privilege, Jones Walker has no choice but to move this Court for an order quashing the subpoena duces tecum to the extent it encompasses any documents or testimony protected by the attorney/client privilege

Jones Walker previously produced redacted records relating to item 1, i.e., its fees and billings. On February 13, 2006, it will produce the unredacted records for this Court's in camera review. In addition, Jones Walker will produce all documents responsive to the subpoena to the Court for in camera inspection. Jones Walker recognizes that not all documents contained in its files are protected by the privilege. However, given Conley's assertion of the privilege over all documents, Jones Walker is submitting all documents for the Court's in camera inspection.

## II. LAW AND ARGUMENT

The attorney client privilege is one of the oldest recognized privileges for confidential communications. *Upjohn Co. v. United States, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981); Hunt v. Blackburn, 128 U.S. 464, 470, 32 L. Ed. 488, 9 S. Ct. 125 (1888).* The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn, supra, at 389.* The attorney-client privilege promotes trust in the representational relationship, thereby facilitating the provision of legal services and ultimately the administration of justice. *Id.* See *Upjohn Co. v. United States, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981).*

As previously noted, the government seeks virtually all Jones Walker files relating to Conley. Jones Walker has produced redacted billing/time records. In view of Conley's Motion to Quash and to protect the attorney client privilege, all documents, including those Jones Walker does not consider to be privileged will be submitted to this Court for in camera inspection.

With regard to the subpoenas for testimony, Jones Walker requests that the subpoenas be quashed in their entirety. Communications between Jones Walker attorneys and Conley are privileged.

Respectfully submitted,

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
(401) 274-6644
Fax: 331-9304

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon:

Terrence P. Donnelly
Assistant United States Attorney
District of Rhode Island
United States Attorney's Office
50 Kennedy Plaza
8th Floor - Fleet Center
Providence, Rhode Island 02903

Edward C. Roy, Esq.
Assistant Federal Public Defender
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903

by placing a copy of same in the United States mail, postage prepaid and properly addressed or by facsimile transmission, on this 10th day of February, 2006.



{N1459533.1}