**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 05-079S |
| | ) | EMERGENCY MATTER |
| JOHN J. CONLEY | ) | |

**GOVERNMENT'S EMERGENCY MOTION**
**TO SCHEDULE CHANGE OF PLEA HEARING AND**
**TEMPORARILY TRANSFER CASE TO ANOTHER DISTRICT JUDGE**

Now comes the United States of America, by its attorneys, and, pursuant to LR Gen 105(c) and for the reasons stated in the attached Memorandum of Law, respectfully requests that this Honorable Court expedite the scheduling of a change of plea hearing in the above-captioned case, and, if necessary to expedite that hearing, temporarily transfer the case to another District Judge who is available to conduct the change of plea hearing.

The government has conferred with counsel and the defendant joins in this Motion.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly
Assistant U.S. Attorney

Kenneth P. Madden
First Assistant U.S. Attorney

Certificate of Service

I hereby certify that on this 16th day of February, 2006, a copy of the within Government's Emergency Motion to Expedite Change of Plea Hearing was mailed, postage prepaid, to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903.

Libana M. Steele

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 05-079S
) EMERGENCY MATTER
JOHN J. CONLEY )

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION TO EXPEDITE CHANGE OF PLEA HEARING AND TEMPORARILY TRANSFER CASE TO ANOTHER DISTRICT JUDGE**

The United States has moved to expedite a change of plea hearing in the above case. The defendant joins in this Motion.

In essence, the government is seeking, pursuant to L.R. Gen. 105(c), that a change of plea hearing be scheduled immediately for the above case.[1] The case is scheduled for a date certain for trial on February 28, 2006. However, on February 15, 2006, the parties executed and filed a Plea Agreement with the Clerk.

---

[1] The recently adopted Local Rules govern emergency matters:

> If immediate action is required with respect to some matter in a case and the judge to whom the case has been assigned is unavailable or otherwise unable to address that matter, the Clerk shall refer that matter to the Chief Judge. If the Chief Judge is unavailable, the Clerk shall present the matter to the next most senior active judge who is available to hear it. The judge to whom such matter is referred shall act only to the extent necessary to meet the immediate need, and only until the judge to whom the case was assigned becomes available to hear it. If a judge to whom such a matter is referred determines that no immediate action is required, the request for immediate action shall not thereafter be presented to another judge.

LR Gen 105(c).

This Court and the parties have an overriding interest in ascertaining as quickly as possible if the trial will go forward as scheduled.

The government has been informed that Judge Smith will not be available until February 28, 2006, the date the trial is to begin. Because the District Judge assigned to the case is unavailable, the government further states that the parties have no objection to the case being temporarily transferred to another District Judge, for the sole purpose of hearing the change of plea.

The government represents that, should a change of plea hearing be held in this case as soon as practically possible, it would benefit the court, as a potential three-week trial could be averted, and other matters scheduled for that time frame. If the change of plea failed for whatever reason, the parties could continue their trial preparation without the uncertainty that a change of plea hearing on February 28th would bring. Further, a jury - presently selected - could be excused, and those citizens could make plans in their lives that they otherwise cannot now. Dozens of witnesses under subpoena could be excused, saving the government tens of thousands of dollars in travel expenses. Those witnesses would be freed to reschedule their time. Those witnesses who hired counsel would be freed from that expense.

**A. Overview and Travel of the Case.**

In this case, the grand jury indicted the defendant, charging him with 14 counts of wire fraud. The case was assigned to District Judge William E. Smith.

The case involves what is known as an advance fee scheme, and will involve the presentation of complex documentary evidence and dozens of witnesses. There are eight victim companies. The witnesses who will testify on behalf of these companies are coming from throughout the country.[2] Further, on February 14, 2006, Judge Smith ordered that law firms and lawyers associated with those firms will be required to produce records and testify at trial regarding how the defendant used them to perpetrate his scheme.[3]

The defendant is alleged to have bilked new and/or struggling businesses out of approximately $285,000 in advance fees paid to him. The victims paid these fees because they believed Conley's representations that he had the ability to arrange financing for their companies. The most common false representation Conley made to the victims was that he managed a "hedge fund", where he had upwards of $25,000,000 at his

---

[2] Victim-witnesses will be flying in to testify from several states, including Michigan, California, Virginia, Florida, New York, and Pennsylvania.

[3] The law firms are located in several out-of-state cities, including New Orleans, Memphis, Minneapolis, Boston, and Chicago.

immediate disposal to fund worthy projects. However, there was no hedge fund, nor did Conley have any other type of funds at his disposal by which he might fund the victims' businesses.

On December 20, 2005, the case was on Judge Smith's Trial Calendar. Given the complexity of the case, and the fact that dozens of out-of-state witnesses needed to be subpoenaed and travel arrangements made, the Court set February 28, 2006 as a date certain for trial. That date still stands.

On February 7, 2006, a jury was selected in this case. Picking a jury proved difficult, as the case demanded a three-week commitment.[4] The jurors were instructed to return to court on February 28th for opening statements and the commencement of the presentation of evidence by the government. The government will be flying several witnesses in that week to testify. On February 14, 2006, as already stated, Judge Smith heard various pretrial motions, including the motion to quash the aforementioned subpoenas to law firms and lawyers.

On February 15, 2006, the government and the defendant executed the Plea Agreement, which was promptly filed with the Clerk.[5] The parties immediately contacted the Court in an

---

[4] Indeed, so many jurors were excused for cause due to hardship that, in order not to exhaust the jury pool, both parties waived their rights to a full complement of peremptory challenges.

[5] A copy of the Plea Agreement is attached. There is nothing out of the ordinary in the agreement. As is the custom

attempt to schedule a speedy change of plea hearing, but learned from Judge Smith's clerk that he would be unavailable to hear the case until the date scheduled for trial, February 28th.

**B. Discussion.**

As a general matter, the parties are seeking an immediate change of plea hearing so that it can be determined if this case is definitely going to trial. If the plea is accepted, the Court will be able to reschedule its time[6] and release the jury that has been selected, witnesses will be freed from their obligation to come and testify, and the parties will be able to turn their attention to other cases pending before this Court.[7] If the plea is immediately scheduled and is not ultimately accepted, the present trial schedule can remain in place without interruption. Judge Smith can return on February 28th and the parties will be fully ready to proceed with trial.

Conversely, if a change of plea hearing is delayed until

---

in this District, the agreement is not binding on the Court. Further, the government promises to recommend a sentence within the guideline range determined by the Court, as well as a two-level reduction for acceptance of responsibility. Given the timing of the plea, the government is not recommending the usual third point decrease in offense level. The government also agrees to dismiss several counts, but this would have no bearing on the guidelines calculations, as the applicable enhancements remain the same.

[6] Judge Smith has stated several times that he has set aside three weeks on his calendar for this trial.

[7] For example, Mr. Roy has temporarily suspended accepting cases due to this impending trial.

February 28th, the government will be put in the position of flying witnesses in unnecessarily (if a February 28th plea is accepted), or of seeking a continuance from Judge Smith, in order to arrange for those witnesses to travel to Rhode Island (if the defendant unexpectedly balks at pleading or if the Court does not accept the plea).

More specifically, the government is seeking this relief for the following reasons:

1. Witnesses. The government has issued 65 trial subpoenas to witnesses scattered throughout the country. Witnesses have been told that they need to be available to testify beginning February 28th and for the following three weeks thereafter. Many witnesses have expressed to the prosecutor the burden that the subpoenas have put on their professional and personal lives. Several have borne the extra expense of hiring counsel to assist them. One witness critical to the government's case, a former Conley employee from Chicago, is pregnant with twins, and, due to some irregular symptoms, is having her pregnancy watched closely. She has been cleared to travel to come and testify, but, obviously, if this case could be disposed sooner rather than later it would be a great relief to her.

The law firms which were ordered to produce records are bearing the expenses of copying and shipping, and of making their attorneys available to testify. By taking a plea sooner rather

than later, the Court can ease those burdens. The government is in the process of making travel arrangements for those witnesses. The travel expenses for the trial are expected to be greater than $10,000.

2. Jurors. As stated, on February 7th, Judge Smith selected a jury of twelve, as well as four alternates. As with the witnesses, those jurors have had to block out three weeks in order to fulfill their civic duty. Indeed, taking a plea in a speedy fashion will be a great relief to at least one juror. During motion arguments on February 13th, Judge Smith informed the parties that one juror (Juror No. 2) had emailed the Court after jury selection, and stated that one of her parents (she and her siblings care for both parents) was slated for unexpected lung surgery. She stated that the accommodations she had made in her schedule in order to serve on the jury were now fairly impossible, and asked to be excused from service. However, given the length of the trial, the Court and the parties were reluctant to lose one of the jurors even before the trial started. Therefore, Judge Smith told the juror she still needed to serve, but that the situation would be reassessed a few days before trial. Obviously, a speedy disposition of this case would ease the anxiety of this juror.

3. The Parties. Perhaps this is the least of the concerns listed, but it is at least worth considering that, should a

change of plea hearing not be held until February 28th, the parties will be required to spend hundreds of hours continuing to prepare for trial. Both the Federal Defender's Office and the United States Attorney's Office are working on short staffs and limited resources. The certainty that a speedy change of plea hearing would bring would free the attorneys (not to mention law enforcement agents, investigators, litigation support and other staff) to devote their energies to other investigations and cases pending before this Court.

4. The Court. A speedily scheduled plea here would serve the interests of judicial economy. To state the obvious, a speedy plea disposition in this case would, at a minimum, free up a substantial three-week block in Judge Smith's calendar. It would also do so at a time - rather than waiting until February 28th - when that Court's scheduling clerk can give other parties fair notice of the filling of that otherwise blocked-out time.

5. The Nature of a Change of Plea Hearing. A change of plea hearing is uniquely suitable to be heard by a judge who has not previously been assigned to a case.[8] The issues presented - does the defendant understand his rights and voluntarily waive

---

[8] The government is not aware of any legal impediment to having a different judge take a change of plea. For example, in another context, the Court of Appeals will regularly order on remand that a case be sent to another judge for re-sentencing when there has been certain types of error committed. See, e.g., Cirilo-Munoz v. United States, 404 F.3d 527, 536 (1st Cir. 2005).

them - are not case-specific. Further, even the factual basis is something that can simply be judged by measuring the proffered facts against the static elements of the crime. Finally, Judge Smith's handling of the case thereafter would not be impeded in any way by having another Judge hear the guilty plea: because there are no credibility findings at such a hearing, whatever information Judge Smith would use at sentencing would be readily available to him by reference to the change of plea transcript.

Therefore, for all of the reasons stated, the government respectfully requests that the Court schedule a change of plea hearing as soon as possible. The parties represent that they are available to the Court for this purpose at any time on February 16 and 17, 2006 (and, of course, thereafter).

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly
Assistant U.S. Attorney

Kenneth P. Madden
First Assistant U.S. Attorney

Certificate of Service

I hereby certify that on this 16th day of February, 2006, a copy of the within Government's Memorandum of Law in Support of Its Emergency Motion to Expedite Change of Plea Hearing was mailed, postage prepaid, to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903.

Lidana M. Steele