**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 05-079S |
| | ) | |
| JOHN J. CONLEY | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR A DOWNWARD DEPARTURE**

The defendant has moved, pursuant to U.S.S.G. 5H1.6, for a downward departure, citing his family responsibilities to his mother. The government respectfully objects.

As a preliminary matter, the government notes that, even in the wake of United States v. Booker, 543 U.S. 220 (2005), sentencing courts must first calculate "the guideline range, including any proposed departures," "before deciding whether to exercise its new-found discretion to impose a non-guidelines sentence." United States v. Jiminez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc).

The defendant has moved for a downward departure, citing U.S.S.G. §5H1.6. That provision states, "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. §5H1.6 (2000). The Sentencing Commission thus deemed family circumstances a "discouraged" ground for departure, "and a district court may depart on the basis of a discouraged ground only in an "exceptional" case. U.S.S.G. Ch. 5, Pt. H, intro. comment; see

also United States v. Pereira, 272 F.3d 76, 80 (1st Cir. 2001). A case is "exceptional" only when the discouraged ground is "of a kind, or [exists] to a degree, not adequately taken into consideration by the Sentencing Commission." U.S.S.G. §5K2.0 (policy statement). Although departure is permitted in such situations, the district court must "explain how the case (compared to other cases where the reason is present) is special." United States v. Rivera, 994 F.2d 942, 951 (1st Cir. 1993).

In Rivera, 994 F.2d 942, 948 (1st Cir. 1993), the First Circuit noted that it "may not be unusual, for example, to find that a convicted drug offender is a single mother with family responsibilities, but, at some point, the nature and magnitude of family responsibilities (many children? with handicaps? no money? no place for children to go?) may transform the 'ordinary' case of such circumstances into a case that is not at all ordinary." When called upon to determine which group a case falls into, the First Circuit has repeatedly held that defendants whose responsibilities to their families far outweigh those of the defendant here are still too ordinary to qualify for the family-circumstances departure. See United States v. Chestna, 962 F.2d 103, 107 (1st Cir. 1992) (being single mother of four children is not an unusual family circumstance); United States v. Rushby, 936 F.2d 41, 42-43 (1st Cir. 1991) (defendant who had

been married for ten years, was the main breadwinner for wife and two children, and did chores for wife's grandmother did not have unusual family circumstances); United States v. Carr, 932 F.2d 67, 72 (1st Cir. 1991) (father's responsibility for four-year old son was not unusual, even though mother was also facing incarceration); United States v. Pozzy, 902 F.2d 133, 138-39 (1st Cir. 1990) (pregnant defendant was not entitled to departure based on stigma to child born in prison).

While the defendant's mother's circumstances may be lamentable, there appear to be alternatives for her care. A departure on family circumstances grounds will rarely be appropriate when "there are feasible alternatives of care that are relatively comparable to what the defendant provides." United States v. Pereira, 272 F.3d 76, 83 (1st Cir. 2001). It would seem here that health care for the defendant's mother in a suitable elder care facility would provide a practical alternative.

The defendant relies heavily on United States v. Roselli, 366 F.3d 58 (1st Cir. 2004) (5H1.6 departure justified where, among many factors, two of defendant's four young children suffered from cystic fibrosis and no comparable healthcare alternative was feasible). The facts presented by this case pale when compared to those described in Roselli. See, e.g., id. at 69 (post-hospitalization care of defendant's child required

parents to administer intravenous antibiotics three times per day). Indeed, the defendant's circumstances here do not even arise to the level described in the following cases, which are cases where a §5H1.6 departure has been *denied*. Compare United States v. DiIorio, 948 F.2d 1 (1st Cir. 1991) (District Court denied §5H1.6 downward departure motion despite defendant's mother's chemotherapy treatment); United States v. Romero, 32 F.3d 641 (1st Cir. 1994) (departure motion denied even though son suffered from rare blood disease); United States v. Gagliardi, 116 F.3d 464 (1st Cir. 1997) (district court did not abuse its discretion in determining that the facts regarding the defendant's family circumstances - including daughter who had attention deficit disorder and defendant's mother being treated for breast cancer - were not of a kind so extraordinary under U.S.S.G. § 5H1.6 as to warrant a downward departure); United States v. Carr, 932 F.2d 67, 72 (1st Cir. 1991) (reversing district court's decision to depart on family circumstances grounds, even though defendant had a four-year-old child and her husband was also facing imminent imprisonment); United States v. Chestna, 962 F.2d 103, 107 (1st Cir.1992) (familial hardship caused by incarcerating the single mother of four young children not enough to justify a downward departure).

Finally, the defendant cites the relationship he has with a young man as further grounds for a downward departure. While

that relationship is admirable, it certainly does not provide any further legal ground for departure. Despite the defendant's contrary assertion, the government's position is not that the defendant is totally "evil," but simply that he must be held accountable for the evils he has committed by his repeated lies and swindling of the victims in this case. By his fraud, he not only stole the money of others, but, in a very real sense, stole the dreams and aspirations of honest people trying to make a better way for themselves.

His Motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly

TERRENCE P. DONNELLY
Assistant U.S. Attorney

**Certificate of Service**

I hereby certify that on this 2nd day of May, 2006, a copy of the within Government's Response to Defendant's Motion for Downward Departure was mailed, postage prepaid, to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903.

Paulette E. Hamache